## Case No. 16,388.

UNITED STATES ex rel. VAN NORTHWICK v. STERLING.

[2 Biss. 408;[1] 3 Chi. Leg. News, 187; 13 Int. Rev. Rec. 100.]

Circuit Court, N. D. Illinois. Jan., 1871.

MUNICIPAL BONDS—DUTY OF CITY AUTHORITIES— POWER TO COLLECT TAX.

1. The fact that the total revenue of a city is used in defraying its current expenses, does not constitute a legal or sufficient excuse for not paying its maturing indebtedness.

2. They have no right to spend their income in this way, leaving their bonds and other debts unpaid; but are bound to provide for and pay the latter, and on failure or refusal, this court will, by mandamus, compel them so to do.

3. A city, which by its charter has certain general powers of taxation, and by consent of a majority of its legal voters at a proper election, can levy and collect a further tax, cannot plead that they have not sufficient power to collect an adequate tax to pay their debts. Under such a charter the authorities should, from

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

their ordinary revenue, discharge their legal indebtedness, and provide for their ordinary expenses by a further tax, according to their charter.

This was a demurrer to the return to an alternative writ of mandamus.

The substantial allegations in the application for this writ are that on the 20th of October, 1870, said relator [John Van Northwick], by the consideration and judgment of this court, recovered against said respondent, a municipal corporation of this state, with power to borrow money and issue bonds, a judgment for the sum of $5,069.57, which said judgment was for the amount then due and unpaid on certain bonds and coupons theretofore issued by said city to the relator; that due notice of said judgment had been given the respondent, and its officers requested to pay the same; but they failed and neglected to take any steps toward providing for such payment; and praying a writ of mandamus to compel the levy and collection of a sufficient tax to pay and satisfy said judgment.

To this writ the respondent filed an answer, admitting the recovery of said judgment and its non-payment, and also admitting the corporate existence of the respondent under the laws of this state, but insisting that by its act of incorporation said city authorities were only authorized to levy taxes at the rate of one per cent. per annum on the valuation of the taxable property of said city; that the expenses of said city government amount to about six thousand dollars per annum, and that the total receipts from taxes, licenses and fines, which were all the sources of revenue the respondent had, were only about six thousand dollars per annum. It further appeared from the return that said city charter contains in addition to the clause conferring power to assess and collect a tax of one per cent. on the valuation of the property of the city, this further clause: "The said city council may, however, levy and collect a tax for city purposes greater than one per cent., provided the same be done with the consent of a majority of the legal voters of said city voting at a general or special election ordered for such purpose." It further appeared that said city was in debt upon bonds bearing interest at the rate of ten per cent. per annum, exclusive of said judgment, to the amount of $6.424.70, and a floating indebtedness of about $2,100. In other words, the substance of the return was that all the revenue derived from taxation at the rate of one per cent. and from licenses and fines was used in the payment of the current expenses of the city government, leaving nothing with which to liquidate said judgment and the other maturing indebtedness.

To this return the relator demurred, as being an insufficient answer to the writ.

Jewett & Jackson, for relator.

F. Sacket and M. S. Henry, for respondent.

BLODGETT, District Judge. The question raised by the demurrer is, does the return show a legal and sufficient excuse for the failure or refusal to pay the judgment referred to. There is no dispute as to the existence of the indebtedness, nor as to the power of the respondent to incur the same, so that the only question is as to the power and duty of the court, upon the admitted facts, to enforce its payment by the process of mandamus. The only excuse or reason urged against the application being the want of power in the corporate authorities to levy the tax requisite for the purpose.

Questions kindred to this have of late attracted much attention, and have been the subject of much discussion, both in this court and elsewhere, and the uniform tenor of the decisions has been such as to leave no doubt as to the general power of courts to enforce by mandamus the levy and collection of taxes by municipal corporations, for the purpose of paying the debts and obligations of such corporations. But it is insisted by the respondent that none of the cases have gone to the extent of compelling such levy and collection of taxes unless the same came within the delegated powers of the corporation.

For the purposes of this case I do not deem it necessary to discuss the abstract question as to what courts shall do in cases where there is a want of adequate power of taxation to pay a legally contracted indebtedness, as it seems to me the respondent has ample corporate power to meet this emergency. It has power to levy a tax of one per cent. on the assessed value of all real and personal property within its limits. And with the consent of its legal voters, expressed at any general or special election, it has an unlimited power of taxation. It seems then clear to me that if the tax of one per cent. was not sufficient to raise the amount needed to meet this liability, it was the duty of the city authorities to call an election and require its voters to vote a sufficient tax for the purpose. The duty of paying municipal debts is as obligatory upon the citizens as upon the officers of the city. Indeed, the city authorities are only the agents of the citizens. Besides, what right had the city officers to expend the entire income of the city from the one per cent. tax in payment of current expenses. and leave this indebtedness unprovided for? Why did they not, from the proceeds of this one per cent. tax, pay the bonds and coupons on which this judgment was rendered, and take a vote as to the expediency of raising a further tax to defray current expenses? The proceeds of this one per cent. tax are not specially set apart and dedicated to the payment of current expenses.

The bonds for which this judgment was rendered had been legally issued, and the city authorities and voters were all chargeable with notice that they were due and

ought to be paid. They should then have levied and collected an adequate tax in apt time to have the money ready when their obligations matured, and, having failed to do so, are guilty of a breach of duty which the writ of mandamus will compel them to perform.

In the case of City of Galena v. Amy, 5 Wall. [72 U. S.] 705, the city authorities of Galena had power, if they thought the public good required it, to levy a tax, etc. There the power was discretionary in the city authorities, and yet the court held that they were bound to exercise this discretion, and compelled them by mandamus to do so.

The same doctrine is enunciated with equal emphasis in Supervisors v. U. S., 4 Wall. [71 U. S.] 435; Von Hoffman v. City of Quincy, Id. 535; People v. City of Cairo, 50 Ill. 154; Riggs v. Johnson Co., 6 Wall. [73 U. S.] 166. The aspect then of the case is this: The respondents owe the debt, and acknowledge their legal and moral obligation to pay it, but have failed to take the necessary steps to raise the funds wherewith to do so. They have the power to levy and collect an adequate tax, and their duty is co-extensive with that power. For these reasons the mandamus must be made peremptory.

NOTE. The United States circuit court has power to issue a mandamus requiring state or municipal officers to levy and collect a tax. U. S. v. Treasurer of Muscatine Co. (Lansing v. County Treasurer) [Case No. 16,538]; U. S. v. Lee Co. [Id. 15,589], and cases there cited. The municipality having issued the bonds may be compelled to pay the interest. Flagg v. Mayor, etc., of Palmyra, 33 Mo. 440; St. Joseph & D. C. R. Co. v. Buchanan Co. Ct., 39 Mo. 485. Consult, also, U. S. v. Mayor, etc., of Burlington [Case No. 14,687].