CITY OF DENISON ET AL. V. FOSTER & WILKINSON.

Decided June 18, 1896.

Cities—Taxation—Charter Construed.

Under the provisions of the charter of the City of Denison authorizing, in addition to the one and one-half per cent tax which the council is empowered to levy, a tax of one per cent, to be levied on a two-thirds vote of all the tax paying voters of the city, the city council has no power to submit to the voters a proposition to levy a tax for the payment of any existing indebtedness. The charter authorizes the submission to vote only of the question of levying such tax to meet future indebtedness. (Pp. 23 to 25.)

CERTIFIED QUESTION from the Court of Civil Appeals, Fourth District, in an appeal from Grayson.

The opinion states the question certified.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the

Fourth Supreme Judicial District has certified to this court the following statement and question:

"The City of Denison, chartered by special act (Special laws of 1891), has the right to levy and collect a tax not exceeding one and a half per cent of the assessed values of property in the city; also to levy an additional tax of one per cent on the assessment, provided, in the latter case, that this tax of one per cent shall not be levied except on a two-thirds vote of all taxpaying voters of said city at an election to be held for that purpose.

QUESTION.—"If the proceeds of the one and a half per cent tax and other income of the city is consumed in meeting the current annual expenses of the city, which for the purposes of this question we assume is the case, will the writ of mandamus lie to compel the council to submit to a vote of the taxpayers the question of a levy in reference to the extra one per cent, in order to provide for the payment of plaintiff's judgment, it being a judgment recovered against the city on an attorney's fee, recovered several years previous to the commencement of this proceeding?"

The City of Denison was incorporated by Special Act of the 22nd Legislature and section 118 of its charter is in this language: "The city council shall have the power, and it is hereby authorized to annually levy and collect a tax, not to exceed one and one-half per centum on the assessed value of all real and personal property in said city not exempt from taxation by the Constitution and laws of the State, out of which taxes so levied the city council may set apart annually not exceeding one-half of one per centum on the assessed value on all property subject to taxation in said city, for the support and maintenance of public free schools and for the purchase of ground upon which to erect school buildings and repairs and furnishing of such buildings for said free schools. And said council may levy and collect an additional tax, not to exceed one per centum on the assessed value of all property in said city subject to taxation, for any purpose the accomplishment of which is authorized by this act, which tax last named shall not be levied except upon a vote of two-thirds of the taxpaying voters of said city, at an election ordered and held for that purpose, which order shall state the amount of taxes to be levied and the purpose for which the same is to be used."

The question presented for our consideration is, can the City of Denison, under the foregoing section of its charter, submit to the voters thereof a proposition to levy a tax to pay an antecedent debt against the said city? Article 6, section 3, of the Constitution of this State is in this language: "All qualified electors of the State as herein described who shall have resided for six months immediately preceding an election within the limits of any city or incorporated town, shall have the right to vote for mayor and all other elective officers; but in all elections to determine expenditure of money or assumption of debt, only those shall

be qualified to vote who pay taxes on property in said city or incorporated town." The latter part of the above quoted section of the charter of the City of Denison was evidently enacted in conformity with this provision of the Constitution and to accomplish the purposes therein named, that is, that in all instances where it was proposed to inaugurate a measure (which would involve the expenditure of money or the creation of a debt) which could not be accomplished by the use of one and one-half per cent tax on the property of said city, it should be approved by a vote of the taxpaying voters in the city, before the city incurs the liability, and this section of the charter construed in the light of the constitutional provision above quoted limits the right to submit the question to measures to be carried out in the future. By the charter the City of Denison is authorized and empowered under section 46 "To provide by ordinance for the payment of any existing and outstanding indebtedness and for the payment of any bonds that may from time to time be issued." Section 113 provides that "The city council shall have power to appropriate so much of the general revenue of the city for the purpose of retiring and discharging the accrued indebtedness of the city * * * as the city council may from time to time deem expedient." And for the accomplishment of this purpose with others named the city is also authorized to borrow money and issue coupon bonds therefor. It will be seen from these provisions of the charter that the city council is empowered by ordinance to set apart so much of the general revenue of the city as it may think necessary to discharge accrued indebtedness or to borrow money upon the credit of the city for that purpose. The first part of section 118 refers especially to the disposition to be made of the general revenue of the city, that is, that which is raised by the levy of one and one-half per cent upon the taxable values thereof, which tax may be levied by the council of the city without any reference to approval by the voters thereof, and includes payment of the indebtedness of the city as well as any new enterprise to accomplish which the general revenue is sufficient. The latter part of section 118 undertakes to provide for doing those things by the city which cannot be affected by means of the taxing power before conferred. The object of the latter part of that section is to enable the City of Denison to levy the additional one per cent of taxes upon the property of its citizens in order to accomplish any purpose which is authorized by the charter and which cannot be effected by the power of taxation conferred upon the council. The word "purpose," as used, means any object or measure for the public good which the city is authorized to inaugurate and carry out; for instance, furnishing water for the city, by the erection and maintenance of water works, the erection of public buildings for the use of the city and other like things named in the charter. The object of the Legislature in requiring that the propositon to levy such tax should be submitted to the tax-paying voters of the said city and approved by them was that before the adoption of such a policy which involved the expenditure of money both the

purpose to be accomplished and the amount of money to be used should be judged of and approved by two-thirds of those who must bear the burden of the enterprise. The payment of a debt already incurred can not be properly said to be the "accomplishment" of a purpose authorized by the charter of the city. It would be the performance of a duty by the discharge of an obligation already incurred, and it would be useless to submit to the voters the question whether or not the city should pay its debts already contracted, but it is a wise and just policy which allows the taxpayers to determine the question of incurring the debt. The language employed indicates that the liability which is to be discharged from the tax voted should be incurred after the vote was had, and that the purpose to be accomplished is the carrying into effect of some one or more of the powers conferred upon the city to provide for the public wants of its people and not the discharge of an obligation already existing, which was fully provided for in the sections before quoted.

We have been referred to the case of United States v. The City of Sterling, 2 Biss., 408, as bearing upon this question. That case is somewhat similar in many of its features to the case as presented by this statement, but the language construed is so unlike that under consideration as to make it inapplicable as authority upon this question. The charter of the City of Sterling contained this provision: "The said city council may, however, levy and collect a tax for city purposes greater than one per cent provided the same be done with the consent of a majority of the legal voters of said city voting at a general or special election ordered for such purpose." It will be observed that the council of that city had authority to submit to the voters of the city a proposition to levy additional taxes for city purposes, which means for the general purposes of the city and therefore includes the payment of any indebtedness or current expenses of the city, while the charter under consideration limits the proposition to a specific purpose to be named, and to such purpose as is authorized by the charter of the city. Judge Blodgett, of the Circuit Court for the Northern District of Illinois, in delivering the opinion in that case uses language which might sustain such a proceeding as indicated by the question in this case. He said, "It seems, then, clear to me that, if the tax of one per cent was not sufficient to raise the amount needed to meet this liability, it was the duty of the city authorities to call an election and require its voters to vote a sufficient tax for the purpose;" but he finally decided the case upon the proposition that the payment of the debts of the city has precedence over its current expenses, and that, if more tax be needed to carry on the city government and to accomplish the purposes authorized by its charter, they must be raised by a vote of the people for that purpose. We express no opinion as to the correctness of any proposition announced in the opinion, but cite the case to distinguish it from this.

We conclude therefore that if the proceeds of the one and one-half

per cent tax and other income of the city is consumed in meeting the current annual expenses thereof, the city council has no power to submit to the taxpaying voters of the said city a proposition to levy a tax for the payment of any existing indebtedness thereof, and therefore that no writ of mandamus could be issued to the city council to require it to submit such proposition to the tax-paying voters thereof.