FORDYCE AND SWANSON, RECEIVERS, v. A. H. DU BOSE.

No. 135.

1. Receivers in United States Courts—Discharge.
 When a receiver appointed by a court of the United States is by that court discharged, and the property delivered over according to the orders of the court, the official existence of the receiver ceases; and suits pending against him in the State courts, upon a plea of the discharge, must be abated ............................................. 82

2. State Legislation—Receiverships.
 The several acts of the Legislature upon the subject of receivers do not purport by their language to affect receivers appointed by the Federal courts, in their official capacity; and courts will construe them so as to embrace such objects as the Legislature had the authority to legislate upon. These acts were not intended to affect the procedure of Federal courts as to receivers appointed by them .................... 82

3. Legislative Preference of Claims.
 Section 6 of the "Receivers" Act, chapter 59, Acts of Twenty-first Legislature, page 55, does not give to the holder of a judgment rendered in a State court for personal injuries against a receiver acting under appointment by a Federal court, a lien upon the corpus of the property, as against a prior mortgage to secure bonds. Having no lien, the property passed free of lien to the purchaser under foreclosure sale in the receivership proceedings ......................................... 82

4. Case Adhered to.
 Giles, Receiver, v. Stanton, 86 Texas, 620, adhered to, as to rights of mortgagee of railway, as against claims for personal injuries ......... 83

QUESTIONS CERTIFIED from the Court of Civil Appeals for the First District, in an appeal from Angelina County.

*Finley, Marsh & Butler* and *Sam H. West*, for appellants.—The appellants having been appointed as receivers by the Circuit Court of the United States, and that court having finally discharged them as receivers, and the property which came into their possession and under their control having been by them delivered to the persons specified in the order of the court providing for their discharge, no judgment could be rendered against them in this suit.  Brown v. Gay, 76 Texas, 444; Ryan v. Hays, 62 Texas, 47.

*E. B. Perkins*, also for appellants.—In the case of Bronson v. Kinzie, 1 Howard, 310, Chief Justice Taney held, that a law of the State of Illinois providing that mortgagors and judgment creditors should have the right to redeem mortgaged property within twelve months after sale was void as to mortgages theretofore executed.

In Belcher v. Lynn, 24 Howard, 508, Mr. Justice Clifford held, that a statute of Alabama giving the right of redemption within two years after the sale of mortgaged property was void as to mortgages theretofore executed.

In the case of Rees v. Watertown, 19 Wallace, 107, Mr. Justice Hunt, in the course of the opinion, announced the same doctrine.

In the case of Memphis v. United States, 7 Otto, 293, Mr. Justice Strong held, that where the law authorized the city of Memphis to levy a tax, and contract for improvements to be paid for by the money thus realized, that the repeal of that law could not affect the rights of a contractor who had done his work before the same was repealed.  The same doctrine is substantially announced by Mr. Justice Mathews in the case of Seibert v. United States, 122 U. S., 360.

In the case of Edward v. Kearzey, 96 U. S., 596, the doctrine is announced as herein before stated, and is reaffirmed in the case of Denny v. Bennett, 128 U. S., 489.

In Woodson v. Collins, 56 Texas, 173, Justice Stayton, in passing upon the question of an act of the Legislature requiring the registration of judgment liens, held, that such act could not be held to have impaired the validity of a judgment lien theretofore acquired, and which judgment had not been registered in accordance with the provisions of the last act of the Legislature.

In the case of Milam County v. Bateman, 54 Texas, 166, Justice Bonner elaborates and comments upon the doctrine of vested rights and the inability of the Legislature to destroy them.  In the case of Grigsby v. Peak, 57 Texas, 148, the same doctrine is reaffirmed.

In the case of Life Insurance Company v. Ray, 50 Texas, 519, Chief

Justice Moore holds, that an act passed by the Legislature allowing reasonable attorney fees to be recovered in a suit on a policy against a life insurance company is retrospective, and that if the same was retroactive it would be void under the Constitution.

In the case of Morris v. The State, 62 Texas, 728, Chief Justice Willie held, that the Legislature could not repeal or amend the charter of a municipal corporation so as to affect the rights of creditors to collect their indebtedness from such corporation. This doctrine was affirmed in the case of Cox v. Railway, 68 Texas, 231.

In the case of Railway v. Adams, 78 Texas, 374, Justice Henry held, that a petition failing to show betterments made by receivers, where it was attempted to maintain suit against the company for a liability of the receivers, was bad on its face. 2 Jones on Mort., sec. 1654; Wade on Retroactive Laws, sec. 118, et seq.; Kneeland v. A. L. Company, 136 U. S., 91.

*Baker, Botts, Baker & Lovett* filed an elaborate argument, also for appellant.

*H. G. Lane, Wheeler & Chesnutt*, and *Bryarly & Brewer*, for appellee.

The fact that the defendants were by the Circuit Court of the United States in and for the Eastern District of Texas discharged as receivers of the railway and other property of the St. Louis, Arkansas & Texas Railway Company of Texas and the Kansas & Gulf Short Line Railway, and that they turned over the said property, etc., in pursuance of said order, does not preclude the plaintiff from a recovery in this action. Acts 20th Leg., p. 119; Acts 21st Leg., p. 55; Railway v. Miller, 79 Texas, 78; Railway v. Johnson, 76 Texas, 421; Boggs v. Brown, 82 Texas, 43.

*D. W. Doom*, also for appellee, cited: Desty's Fed. Proc., 8 ed., secs. 230, 231; Life Ins. Co. v. Heiss, 31 N. E. Rep., 138; Loan and Trust Co. v. Railway, 53 Fed. Rep., 182, 192, note; Blair v. Railway, 22 Fed. Rep., 471, 475, note; Railway v. Cox, 145 U. S., 593.

BROWN, ASSOCIATE JUSTICE.—The Kansas & Gulf Short Line Railway Company, being a corporation duly incorporated, on the 4th day of May, 1887, made, executed, and delivered to a trustee a mortgage to secure certain bonds issued by the company, all of which bonds had been sold and delivered to the purchasers before the passage of the act of the Texas Legislature amending the Act of 1887 on the subject of "receivers," approved the 19th day of March, 1889. Acts 21st Leg., 55.

On the 13th day of May, 1889, suit was filed in the Circuit Court of the United States at Tyler, to foreclose the said mortgage, and Fordyce

and Swanson were by said court appointed receivers of the property of said railway company. The receivers took possession of the road and other property, and operated the railroad under the orders of said court, during which time Du Bose, a passenger upon said railroad, received personal injuries under circumstances that made the receivers liable to him in damages.

Du Bose brought suit in the District Court of Angelina County against the receivers, to recover damages for his injuries. July 23, 1890, the Circuit Court of the United States entered a decree foreclosing the said mortgage and ordering the property to be sold to satisfy the mortgage debt, subject to certain receivers' certificates and such other claims as that court might allow as superior liens to the mortgage debt.

The railroad and other property was sold and purchased by a purchasing trustee, which sale was confirmed, the purchase money paid, and subsequently the Tyler Southeastern Railway Company was organized and the property conveyed to it. The receivers were ordered, May 11, 1891, to deliver the property to the purchaser, which was done; and in said order it was directed that all claims against the receivers should be presented by intervention in that suit before the 1st day of December, 1891, or that such claims should be stale and constitute no lien upon any of said property or claim against the said receivers.

Du Bose made the Tyler Southeastern Railway Company defendant with the receivers, and claimed a lien upon the property in its hands. The receivers pleaded their discharge. The court upon trial entered judgment against the receivers and against the railway company, foreclosing a lien upon the railroad. The following questions are submitted by the Court of Civil Appeals:

"First. After its discharge of its receivers by the Federal court, in the exercise of its equity jurisdiction, could judgment still be rendered against them in their official capacity, as provided by the Receivers Act of Texas of 1889 ? Does that act, in the provision which authorizes judgment against a receiver after his discharge, apply to receivers appointed by the Federal courts; and was it within the power of the State Legislature to so limit such decrees ?

" Second. Do the Receivers Act of 1887 and the amendments thereto of 1889 operate to give a lien to secure appellee's claim upon the property in question after a foreclosure and sale under the decree of the Federal court, based upon the mortgages stated ?

" Third. Should the legislation referred to be construed to give to charges incurred by receivers such as that of appellee priority over mortgages executed prior to the enactment of those laws ?

" Fourth. If such be the proper construction of the statutes, was it within the power of the Legislature to so enact ? Is such legislation

retroactive, or does it impair the obligation of a contract in the sense of the Constitution?

" Fifth. Had the Federal court, having caused the property to be sold, and having in its custody the purchase money as a fund to be distributed, the power to require, as it did, appellee to present his claim in that court for adjustment; and had such action, appellee having failed to comply with the prescribed conditions, the effect to free the property sold, in the hands of the purchaser, from any charge in appellee's favor, if there were any existing?"

The right to maintain a suit against a receiver in his official capacity, when appointed by a court of the United States, is conferred upon the courts of the States by act of Congress. It extends to the establishing of the right to recover and the amount of the recovery, but the State court can not execute the judgment. That is confided to the court which appointed the receiver.

The Legislature of a State has no more authority to prescribe rules of procedure for courts of the United States, nor to limit the effect of judgments of such courts rendered in the exercise of their constitutional powers, than Congress has to prescribe rules for the State courts, or to place limitations upon their judgments within the bounds of the States.

When a receiver appointed by a court of the United States is by that court discharged, and the property delivered over according to the orders of the court, the official existence of the receiver ceases, and suits pending in the State courts, upon a plea of the discharge, must be abated. Brown v. Gay, 76 Texas, 446; Ryan v. Hays, 62 Texas, 47.

The several acts of the Legislature upon the subject of receivers do not purport by their language to affect receivers appointed by the Federal courts in their official capacity, and courts will construe them so as to embrace such subjects as the Legislature had the authority to legislate upon. Endl. on Int. of Stats., sec. 271. These acts were not intended to affect the procedure of Federal courts as to receivers appointed by such courts.

In the sixth section of the " Receivers Act" of 1889 this language is used: "All judgments rendered against a receiver for cause of action arising during the receivership shall be a preference lien upon all the property in his hands as such receiver, superior to the mortgage lien." This language is susceptible of a construction which would give priority to such judgments over mortgages executed prior to the passage of the law; but it is not so definite as to exclude any other construction. Courts will construe the law, as said before, so as to apply it to such subjects as might have been subjected to its operation under the Constitution. Endl. on Int. of Stats., sec. 271.

If the act had said expressly that such judgments against receivers should have a lien upon the corpus of the property in the hands of re-

ceivers, superior to the lien of mortgages executed at a date prior to the date of the law, it would be in violation of article 1, section 16, of the Constitution of this State, and void. Giles v. Stanton, decided by this court at the present term [86 Texas, 620]. It will be presumed that the Legislature intended to observe the limitations of the Constitution, and not to transcend its powers. The acts referred to do not give to such judgments a lien superior to the lien of the prior mortgages. It follows that plaintiff did not have a lien upon the property in the hands of the purchaser at the sale made to satisfy the prior mortgage. The receivers, Fordyce and Swanson, having been discharged, and there being no lien to be enforced against the property, the suit should have been abated upon their pleading and proving the discharge. And plaintiff having no lien upon the property in the hands of the Tyler Southeastern Railway Company, judgment should have been entered in its favor.

The remaining questions need not be answered, as they are immaterial in our view of those answered.

We do not mean to say that in case a claim which held a lien superior to that under and to satisfy which property had been sold was in suit against a receiver of a Federal court at the time of his discharge, he might not be retained as a party to the suit to settle the liability, so as to enable the court to enforce the lien. The question does not arise in this case; plaintiff, under the facts stated, had no lien upon the corpus of the property, either in equity or by statute. Nor is it intended to hold that the purchasing company might not be made a party to such suit in case the claim held a lien upon the railroad in its hands.

Delivered May 31, 1894.