# OCTOBER, 1906.

MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V. JAMES WELCH.

No. 1583. Decided October 17, 1906.

**1.—Passenger—Ticket—Damages—Proximate Result.**

Where, by the neglect of defendant's conductor to give a passenger a check showing her right to passage over a connecting line, she was compelled to borrow money from a fellow passenger to pay her fare, in the absence of evidence that the conductor had reason to contemplate such result as a probable consequence of his default, damages due to her humiliation in having to so borrow money were, as matter of law, not recoverable; the question whether they were a proximate result could not be left to the jury. (P. 121.)

**2.—Same—Case Distinguished.**

The ruling in Texas & P. Ry. Co. v. Armstrong, 93 Texas, 31, distinguished from this case. ( P. 121.)

ON MOTION FOR REHEARING.

**3.—Appeal—Judgment Not Affected By.**

Where one of two defendants has judgment in his favor, from which no appeal is taken, such judgment is not before the court on appeal of his codefendant—is not affected by the reversal on such appeal—and it would be improper to pronounce judgment therein affirming it. (P. 122.)

Error from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Welch sued the Missouri, Kansas & Texas Railway Company and the Missouri, Kansas & Texas Railway Company of Texas. The first company had judgment in its favor. Plaintiff recovered against the latter company and it appealed. On affirmance appellant obtained writ of error. On the reversal of the judgment against plaintiff in error, its codefendant in the trial court, from the judgment in whose favor in the trial court no appeal had been taken, filed a motion to correct the judgment in this court so as to show that the judgment of the trial court as to it was affirmed, which motion was denied in the opinion herewith published.

*T. S. Miller* and *Spoonts & Thompson,* for plaintiff in error.—The damages arising from the annoyance and embarrassment occasioned by being forced to borrow money from a fellow passenger to meet the demands of the conductor were too remote and speculative to form a basis of recovery. Missouri, K. & T. Ry. Co. v. Armstrong, 38 S. W. Rep., 368; Hoffman v. Northern Pac. Ry. Co., 47 N. W. Rep., 312.

*R. L. Carlock,* for defendant in error.—The question of the right of the plaintiff to recover damages under the circumstances of this case, arising from the annoyance and embarrassment occasioned his wife by being forced to borrow money from a fellow passenger to meet the demands of the second conductor, was properly submitted to the jury by the court in its charge, which left to the jury to determine upon the evidence as facts: 1. Whether such damages were a natural and probable consequence of the plaintiff's wife being required to pay additional railroad fare, and 2, whether the first conductor, to-wit, the conductor of appellant, when he failed and refused to perform his duty to the plaintiff's wife, ought reasonably to have foreseen, in the light of the attending circumstances and as a result of his failure to give plaintiff's wife the proper check for presentation ·to the second conductor, that such damages would probably ensue. Texas & Pac. Ry. Co. v. Armstrong, 93 Texas, 31; International & G. N. Ry. v. Terry, 62 Texas, 384; Texas & Pac. Ry. v. Hartnett, 34 S. W. Rep., 1057; Missouri Pac. Ry. v. Ferguson, 64 S. W. Rep., 797; Missouri Pac. Ry. v. Kaiser, 82 Texas, 144; Thompson Com. on Neg., sec. 2570; Texas & Pac. Ry. v. Reed, 88 Texas, 448.

BROWN, Associate Justice.—We copy from the opinion of the Court of Civil Appeals the following statement of the case:

"James Welch brought suit in the District Court of Tarrant County, Texas, against the Missouri, Kansas & Texas Railway Company of Texas, this appellant, and the Missouri, Kansas & Texas Railway Company, wherein he alleged that about the 1st of August, 1904, he purchased from the local passenger agent of the defendant at Fort Worth, Texas, a mileage book or ticket which entitled his wife to transportation between Fort Worth and Kansas City, Missouri; that his said wife desired to go to St. Joseph, Missouri, a point beyond Kansas City and on a different line of railway; that his wife, in company with her children, boarded one of the trains, and that the ticket or mileage book purchased was recognized by the conductor between Fort Worth and Denison; that, after leaving Denison, Texas, the conductor of the train came to his wife and that she handed him the said mileage book, which he (the conductor) refused to receive, and told her that the ticket was no good and did not entitle her to ride over the line of road, and demanded that she should either pay her fare or be ejected from the train.

"It was alleged that plaintiff's wife was of a nervous temperament, and that she was traveling alone with her children, and that she had but a few dollars in her possession with which she intended to purchase a sleeper for the night, and that she did not have sufficient money to pay for a second passage from Denison to Kansas City, and also for a sleeper and expenses of refreshment while traveling, which facts she explained to the conductor. Notwithstanding same she was forced to buy a new ticket and pay fare to Kansas City, and that this took about all the money she had, and in order to have sufficient means to buy a ticket from Kansas City to St. Joe, Missouri, and to get some refreshments, she was compelled to borrow the sum of $3 from a fellow passenger, and that she was deprived of the opportunity of taking a

sleeper and had to sit up in the coach the balance of the trip, which lasted all night. She claims that by reason of said facts she was humiliated, mortified, made nervous, sick, etc., to her damage, and for which damage was claimed.

"Defendant answered, pleading among other things a general denial. There was a trial and verdict of the jury April 19, 1905, in favor of the Missouri, Kansas & Texas Railway, and in favor of the plaintiffs against the Missouri, Kansas & Texas Railway Company of Texas, for the sum of $500. Motion for new trial was filed which was overruled, and the cause is now before this court on appeal on the part of the Missouri, Kansas & Texas Railway Company of Texas."

The defendant requested the court to give the following charge which was refused: "In this case the plaintiff can not recover for any mental distress or feeling which his wife may have suffered by reason of having borrowed from other persons in order to complete her journey, and they will disallow any claim therefor."

The trial court instructed the jury to find for the plaintiff against the Missouri, Kansas & Texas Railway Company of Texas, "for such a sum of money as will be a reasonable and fair compensation for such physical and mental suffering, if any, as you believe from the evidence Mrs. Welch sustained, as the natural and probable consequence of being required to pay additional railroad hire, and which you believe ought reasonably to have been foreseen by the conductor of the Missouri, Kansas & Texas Railway of Texas in the light of the attending circumstances as a result of his failure to give Mrs. Welch the proper check for presentation to the second conductor, as an evidence of her right to continuous transportation to Kansas City.

"If you believe from the evidence that the conductor of the Missouri, Kansas & Texas Railway Company of Texas, in the light of the attending circumstances, could not reasonably have foreseen that as a result of his failure to give Mrs. Welch a check to present to the second conductor showing her right to a continuous passage to Kansas City, Mrs. Welch would be deprived of sleeping car accommodations, or that she would be subjected to the necessity of having to borrow money from the other passengers, then you will not allow plaintiff any damages for any suffering, physical or mental, sustained by Mrs. Welch, if any, from such cause or causes."

Under this charge the minds of the jury were directed specifically to the mental suffering occasioned to Mrs. Welch by having to borrow money from a fellow passenger, and the question was submitted to them whether the necessity for such borrowing was a reasonable and probable consequence of the negligence of the conductor of the defendant company. The special charge requested by the railroad company, which is copied above, presented to the court the proposition that, as a matter of law, the distress or mental suffering caused by the borrowing of the money was not a subject for damages to be recovered by the plaintiff and, if given, would have withdrawn that issue from the jury. The court erred in not giving the special charge.

The general rule to be applied to this case is, that to sustain the judgment, the injury complained of must be such that at the time the conductor was guilty of the negligent omission he ought to have fore-

seen that the necessity to borrow the money or a like injury would probably result therefrom. (Texas & Pac. Ry. Co. v. Bingham, 90 Texas, 223.) The viewpoint from which the facts must be considered is the time when the conductor acted.

Standing in the place of the conductor when he failed to give the slip to authorize the next conductor to transport Mrs. Welch to Kansas City, could one reasonably anticipate that upon being refused a continuous passage Mrs. Welch would be under the necessity of borrowing money from some other person? There is nothing in the facts to suggest such a contingency. Looking back at a state of facts which have transpired, one can see a connection between the consequence and the original cause which would not appear from a most careful consideration of the matter when the first act occurred.

In the case of Hoffman v. Northern Pacific Railway (47 N. W. Rep., 312), the Supreme Court of Minnesota held that the mental suffering which resulted from the necessity of a passenger to borrow money under like circumstances was too remote to sustain a claim for compensation, and we are of opinion that the holding was correct.

The Court of Civil Appeals cites the case of Texas & Pacific Railway Company v. Armstrong (93 Texas, 31), in support of its conclusion. In that case the Court of Civil Apeals certified to this court the following question: "Among other questions presented for decision, appellant has assigned as error that portion of the court's charge which allows the plaintiff to recover compensation for mental pain, anxiety, or distress suffered by his wife; and whether or not it was error to give this charge, the Court of Civil Appeals for the Third District certifies to the Supreme Court for decision." In answer this court said: "If the mental pain, anxiety, and distress were caused proximately by the negligent act of the agent of the railway company for which that company was liable, then the mental suffering, anxiety, and distress were proper elements of actual damages to be considered by the jury in arriving at the amount of their verdict." The facts would have justified the submission of a question similar to that before us, but it was not specified in the question. The answer is so guarded as to restrict its effect to such "mental pain," etc., as were proximately caused by the act of the agent. The point made was not that mental suffering arising from want of money could not be recovered, but that in that class of cases, compensation for such suffering from any cause was not recoverable. That was the point certified and the one decided by this court.

We are of opinion that the facts of this case, as a matter of law, showed that the railroad company was not liable for the mental suffering which arose out of the fact that Mrs. Welch was placed under the necessity to borrow the sum of $3 from a fellow passenger. Lest our opinion be misconstrued, we say, that we do not intend to hold that the pecuniary condition in which Mrs. Welch was when she was denied passage by the second conductor could not be considered if that condition produced in her mental suffering or mortification or in any way added to the distress of mind which arose from a refusal of the conductor to carry her according to the contract.

It is ordered that the judgment of the District Court and of the

Court of Civil Appeals be reversed and that this cause be remanded to the District Court.

## ON MOTION· FOR REHEARING.

There was no appeal by either party presented to this court from the judgment of the trial court as between James Welch and others and the Missouri, Kansas & Texas Railway Company; therefore, that judgment was not before this court and could not be reversed by it in this proceeding. (Lauchheimer & Sons v. Coop, 99 Texas, 386. The judgment rendered in this court concerns only the litigation between James Welch and the Missouri, Kansas & Texas Railway Company of Texas, and the motion of the Missouri, Kansas & Texas Railway Company for a new trial is therefore overruled.

Filed October 17, 1906.