CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. T. S. LATHAM.

Decided January 9, 1909.

1.—Railroad—Killing Live Stock—Negligence—Pleading and Proof.

In a suit in a Justice Court for the value of an animal killed by a railway train, evidence that the engine was equipped with an oil headlight instead of an electric headlight was not admissible under a pleading charging negligence on the part of the defendant in failing to keep a proper lookout.

2.—Same—Negligence—Injury—Causal Connection—Proof.

Even though it was shown that a railroad engineer was guilty of negligence in running his train at night through a town at a high rate of speed and in failing to keep a proper lookout, a judgment against the railroad company for killing plaintiff's horse on the occasion in question could not be sustained in the absence of evidence that said negligence was the proximate cause of the death of the animal. The causal connection between negligence and an injury must be shown by evidence, it cannot be presumed.

Appeal from the County Court of Wise County. Tried below before Hon. C. O. Terrell.

*N. H. Lassiter, Robert Harrison* and *T. J. McMurray,* for appel-

lant.—There is no claim in the pleading of negligence in respect to
the headlight of the engine, and there is nothing in the statement
of the plaintiff's claim, nor in his pleading, indicating that this was
to be an issue in the case, and nothing to support or allow evidence
that the headlight was defective. The court erred in permitting such
testimony in this condition of the pleading. Lantry v. Lowrie, 58 S.
W., 837; De La Vergne Refrigerator Co. v. Stahl, 54 S. W., 41;
Wallace v. Railway Co., 42 S. W., 865.

The court erred in rendering judgment against the defendant com-
pany, and in overruling defendant company's motion for a new trial,
because the judgment is contrary to the law and the evidence, and
unsupported by the evidence in that there was no evidence to show
that the defendant was guilty of negligence which caused the accident.
Gulf, C. & S. F. Ry. v. Ogg, 28 S. W., 348; Gulf, C. & S. F. Ry.
v. Blankenbeckler, 13 Texas Civ. App., 249; Gulf, C. & S. F. Ry. v.
Anson, 101 Texas, 198; Mahler v. Missouri, K. & T., 90 S. W.,
206; Texas & N. O. Ry. v. Langham, 95 S. W., 686; Galveston, H.
& S. A. Ry. v. Cassinelli, 78 S. W., 247; St. Louis S. W. Ry. v.
Adams, 58 S. W., 1036.

*R. E. Carswell* and *Trabue Carswell,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—On May 20, 1907, a mare of the
market value of one hundred and fifty dollars belonging to T. S.
Latham was run over and killed by a passenger train of the Chicago,
Rock Island & Gulf Railway Company within the switch limits and
depot grounds of that company in Newark, a town of about five
hundred inhabitants in Wise County. The company was sued by the
owner in the Justice Court for the loss of the animal, and from a
judgment there rendered in his favor for one hundred and fifty
dollars the defendant appealed to the County Court, which court also
rendered a judgment in favor of plaintiff for one hundred and fifty
dollars, and from the latter judgment defendant has appealed to this
court.

Plaintiff's pleading was in writing, and, following an allegation
of negligence in general terms, negligence was specially pleaded in
the following language: "That defendant was grossly negligent in
operating said train at an excessive rate of speed and failing to keep
a proper lookout, and that said mare was killed by reason of defend-
ant's said negligence," and there was a further allegation that the
mare was worth one hundred and fifty dollars.

The undisputed testimony shows that the accident occurred at
night; that the train was a through passenger train not scheduled to
stop at Newark, and that on the occasion in controversy it ran
through that town at a speed of thirty-five or forty miles per hour.
No one testified to seeing the animal immediately prior to the acci-
dent except the engineer in charge of the engine. His testimony upon
that issue was to the effect that he saw the form of some object,
which he supposed was an animal, suddenly dash on the track just
ahead of the engine; that he felt the engine run over it; that the
animal came from a ravine or depression in the right of way and

that he did not sound the stock alarm for the reason that he had not time to do so after he saw the object go on the track. He further testified that he was leaning out of the cab window and keeping a diligent lookout ahead of the engine at that time and saw no other animal on the track on that occasion. In the trial court plaintiff sought to discredit the testimony of the engineer above referred to, as to seeing an animal suddenly dash on the track, by introducing in evidence his written report of the accident made to the 'company shortly after it occurred; which report contains no statement that the engineer saw the animal at all and is subject to an interpretation contrary to the testimony of the engineer on the witness stand. If this testimony of the engineer is discredited, as contended by appellee in his brief, then we have no proof whatever in the record from which to conclude that anyone saw the animal immediately prior to the accident.

Plaintiff introduced proof showing that the engine was equipped with an oil headlight instead of an electric headlight. Defendant objected to this evidence on the ground that it was at variance with plaintiff's pleading, and to the admission of the testimony exception was reserved. In his brief appellee contends that this testimony was admissible in support of the allegation in his pleading that defendant failed to keep a proper lookout, but we think that the admission of the testimony was error. The testimony of the engineer that he was keeping a diligent lookout ahead at the time of the accident was not contradicted in any manner. Some of the witnesses testified that the night was dark; others that it was a moonlight night. Defendant's track was not fenced at the place of the accident, but in his brief appellee admits that appellant. owed no duty to fence it at that locality.

The facts and testimony recited above are substantially all the evidence introduced tending to sustain the plaintiff's allegations of negligence, and appellant insists that the same are insufficient to support the finding of negligence by the court. In support of this contention numerous authorities are cited, among which are: Gulf, C. & S. F. Ry. v. Blankenbeckler, 13 Texas Civ. App., 249; Gulf, C. & S. F. Ry. v. Anson, 101 Texas, 198; Galveston, H. & S. A. Ry. v. Cassinelli, 78 S. W., 247. But it is unnecessary for us to pass upon this question, as we have concluded to reverse the judgment on another ground.

The trial was before the court without the intervention of a jury and no findings of fact were filed. Assuming, for purposes of argument, that the court sustained plaintiff's allegations of negligence in both the particulars pleaded, and that such findings were supported by the testimony, we have been unable to find any evidence in the record tending to show that such negligence was the proximate cause of the accident complained of. If the engineer was guilty of negligence in running the train at the speed it was run, or if he failed to keep a proper lookout and in such failure was guilty of negligence, then in order to determine that such negligence was the proximate cause of the accident it would be necessary to first find that the animal was on the track under such circumstances as would support the conclusion that the accident was the natural and probable conse-

quence of such negligence, and that an accident of that character ought reasonably have been foreseen as such a consequence in the light of the attending circumstances. (Texas & P. Ry. Co. v. Bigham, 90 Texas, 23.) Whether there was any causal connection between the negligence of defendant found by the court and the accident is left wholly to conjecture, and in the absence of evidence to support it, such a connection can no more be presumed than negligence can be presumed without proof to establish it. (Texas & P. Ry. v. Shoemaker, 98 Texas, 451.)

No evidence appearing in the record to support the finding of the court that the negligence found was the proximate cause of the death of the animal, the judgment of the trial court is reversed and judgment is here rendered in favor of appellant.

*Reversed and rendered.*