TEXAS & N. O. R. CO. v. WIGGINS.

(Court of Civil Appeals of Texas. Galveston. May 6, 1913. Rehearing Denied May 22, 1913.)

1. CARRIERS (§ 277*)—INJURIES TO PASSENGERS—DAMAGES RECOVERABLE—REMOTE DAMAGES.

The damages sustained by a passenger by reason of the failure of the carrier's agent to sell a ticket to the passenger's destination, resulting from the fact that the passenger without funds alighted from the train at the point specified in the ticket, and walked back part of the way through swamps and swarms of mosquitoes in the heat of the summer, without sufficient food and water, so that he suffered mentally and physically and became sick, are not recoverable because too remote.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1082–1084; Dec. Dig. § 277.*]

2. CARRIERS (§ 280*)—CARRIAGE OF PASSENGERS—SALE OF TICKETS—CARE REQUIRED.

The high degree of care which a carrier owes to its passengers does not apply in the making of a contract of carriage, and in the making of a contract by a sale of a ticket the carrier is held to the exercise of ordinary care only.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1092, 1098–1103, 1105, 1106, 1109, 1117; Dec. Dig. § 280.*]

Error to District Court, Jefferson County; John M. Conley, Judge.

Action by J. H. Wiggins against the Texas & New Orleans Railroad Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and Hightower, Orgain & Butler, of Beaumont, for plaintiff in error. V. A. Collins, and O'Fiel & O'Fiel, all of Beaumont, for defendant in error.

McMEANS, J. J. H. Wiggins brought this suit against the Texas & New Orleans Railroad Company to recover damages sustained by him by reason of the negligence of defendant's ticket agent in Beaumont in selling to plaintiff a ticket to Washington, La., when he called for and thought he was purchasing a ticket to Washburn in said state. Plaintiff alleged that he could neither read nor write, and that this was made known to the agent at the time he purchased the ticket; that he showed the agent an envelope upon which the name of Washburn was written, and told the agent that that was the place he wanted to go, and that thereupon the agent handed him a ticket, for which plaintiff paid $4.10, but instead of its being a ticket to Washburn it was for Washington; that not knowing the ticket was not for Washburn, he boarded defendant's train, and in due course, after changing cars at two places, he disembarked at Washington, and not until after he left the train did he ascertain that he was at Washington and not at Washburn; that he stayed at Washington that night, and on the next day started back to Beaumont; that after he had paid his hotel bill at Washington and bought a ticket to take him as far back on his return as Lafayette, his means were exhausted, and when he reached Lafayette, he started to walk to Lake Charles, about 50 miles distant. He further alleged that during the trip from Lafayette to Lake Charles afoot, and walking over defendant's right of way, the soles of his shoes became worn off, and that in walking over the loose stone gravel ballast, which was the only way he could travel, his feet became sore and bruised; that he had to drink water from the irrigation ditches along the right of way, and that the same was the only water he could procure to assuage his thirst, occasioned by his great exertions and the great heat of summer; that by reason of his exposure to the sun, his extreme exertions, and the drinking of said water, during all of which time he could not sleep on account of many swarms of mosquitoes, he contracted fever, and was confined to his bed and room after said trip with fever, as the result of the wrongful acts of defendant, and that by reason of the great mental and physical pain and anguish that he was caused and did undergo he was greatly damaged. Defendant specially excepted to the allegations of damages alleged by plaintiff to have been sustained by him growing out of his traveling afoot from Lafayette to Lake Charles, and answered by general denial and a plea of contributory negligence. A trial before a jury resulted in a verdict and judgment for plaintiff for $500. Defendant has appealed.

[1] By its first assignment of error appellant complains of the refusal of the court to sustain its special exception to that part of plaintiff's petition which claims that he suffered damages occasioned by his walking from Lafayette to Lake Charles. Its contention in this connection is that at the time of the purchase of the ticket defendant could not reasonably have anticipated that a failure on the part of its agent to sell a ticket to Washburn instead of to Washington would result in plaintiff being in Washington without funds, and that he would undertake to walk from Lafayette to Lake Charles through swamps, and swarms of mosquitoes, in the heat of summer, without sufficient food and water, with the result that he would suffer mentally and physically, and become sick with fever, and that therefore the damages claimed are too remote. We think the damages claimed are too remote, and that the exception should have been sustained. It is unnecessary to set out our reasons for this ruling at length, but think it sufficient to say that our decision of this question is based upon the reasons given by

our Supreme Court in Railway v. Welch, 100 Tex. 118, 94 S. W. 334, and the authorities there cited, and content ourselves by a reference to that case. It follows, we think, that the court should not have submitted in its charge to the jury the question of damages sustained by plaintiff in walking from Lafayette to Lake Charles, and that instead thereof the court should have given appellant's special charge No. 4, by which it was sought to have the jury instructed that they could not allow the plaintiff any sum for damages sustained by him by reason of his journey afoot from Lafayette to Lake Charles; and appellant's second and third assignments of error raising the points are sustained.

[2] The appellant requested the court to charge the jury as follows: "You are instructed that in this case, in no event, under the evidence, would the defendant's agent be required to exercise anything more than ordinary care in the sale of the ticket to plaintiff," etc. In the main charge the court instructed the jury that: "Negligence, as applied to railway companies engaged in receiving and transporting passengers, and as that term is used in this charge, is a failure to exercise and use that high degree of care which every cautious, prudent, and competent person usually exercise under the same or similar circumstances." The court further charged that whenever the term "negligence" was used in the charge, the jury would understand and apply the term in the sense in which it is defined. In applying the law to the facts the court instructed the jury that before plaintiff was entitled to recover, they must find from the evidence that the ticket agent was guilty of negligence in selling plaintiff the ticket to Washington. The result of all this is that the court held the defendant to the same degree of care in selling the ticket as the law exacts of a carrier towards its passengers. The refusal to give the special charge referred to, and the giving of the charge which imposed upon defendant, in selling the ticket, the high degree of care with which the carrier is charged in respect of its passengers are assailed by appellant in its eighth and ninth assignments of error, and we think the assignments must be sustained. In Thompson, Carriers of Passengers, it is said that: "The rule imposing upon carriers of passengers the highest degree of care applies only to the means and measures for safety which the passenger of necessity must trust wholly to the carrier. It is in general applicable only to the period during which the carrier is in a certain sense the bailee of the person of the passenger." This rule is approved by our Supreme Court in Texas & Pacific Railway Company v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308. Applying the rule to the facts of this case, it must be held that although plaintiff, by presenting himself upon the premises of defendant within a proper time before the departure of the train, with the intention of purchasing a ticket and to take passage upon the train, might thereby become a passenger, the high degree of care owing by the carrier as to the means and measures for his safety did not apply in the matter of the making of the contract of carriage, but that in the making of said contract by the sale of the ticket the defendant was held to the exercise of ordinary care only.

It is thought that appellant's assignments of error, other than those above discussed, do not point out reversible error, and the same are overruled.

For the errors indicated the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.