MUTUAL RESERVE FUND LIFE ASSOCIATION v. NINA K. BOZEMAN.

Decided June 7, 1899.

1. **Life Insurance—Reinstatement—Waiver.**

Where, after a member of a life insurance company had become delinquent, the company received a payment from him and gave a receipt therefor which was conditioned on the back that "said member is now and has been during the past twelve months in continuous good health," this was a waiver of the "satisfactory evidence" of such good health upon which, under the by-laws, the executive committee was authorized to reinstate a delinquent member.

2. **Same—Statements and Evidence as to Health.**

Where the questions to and statements by an applicant for life insurance in relation to his health are in such terms as to include the most trivial ailments or injuries, they should be interpreted as referring only to such illness or injuries as affect the risk to be assumed, unless they are in words which exclude such interpretation. See the opinion for case where it should have been left to the jury to determine whether certain attacks of bilious sickness were such as to come within the conditions of the policy.

APPEAL from Waller. Tried below before Hon. T. S. REESE.

*A. C. Tompkins,* for appellant.

*Lispcomb & Styles* and *Searcy & Garrett,* for appellee.

JAMES, CHIEF JUSTICE.—An action by Nina K. Bozeman upon a policy issued by appellant upon the life of her husband for $5000, payable to plaintiff upon the latter's death.

It appears that Bozeman failed on September 1, 1897, to make a necessary payment due on that day of $11.55. Afterwards he sent this sum to defendant, which reached New York on September 16, 1897, for which defendant sent home the following receipt: "Received of Richard M. Bozeman this 16th day of September, 1897, $11.55, being for the payment of past due fifteen-year plan mortuary call No. 93, $11.55, which became due September 1, 1897, on policy No. 199819, which said policy lapsed by reason of nonpayment of the above on or before the date the same became due. The above payment is offered and the same is received by the association subject to the conditions on the back hereof, which are hereby made a part of this receipt."

The conditions on the back of the receipt were as follows:

"(1) That said member is now living and of temperate habits, and is now and has been during the past twelve months in continuous good health, and free from all disease, infirmity, and weakness, otherwise said payment and this receipt and said policy shall be and are null and void, and the sum paid hereon shall be subject to the order of the within named

person. (2) The receipt and the acceptance of the within sum by the association shall not be held to waive forfeiture, or expiration of membership, or to reinstate membership, or to create any liability on the part of the association under said policy except upon fulfillment of the first condition of this receipt. (3) The acceptance of the within sum after the same became due shall not establish a precedent for acceptance of future payments to the association, nor shall any subsequent payment upon said policy impair, waive, alter, or change any of the conditions of this receipt."

By the application which the insured made for the policy he agreed that the constitution and by-laws of the association, with the amendments thereto, together with the application, are parts of the policy issued thereon; and article 11, section 6, of the constitution or by-laws of the association was as follows: "If at any time any person secures membership in this association, by concealing any fact, or if the statements in his application for membership are in any respect untrue, or if any of the conditions or provisions upon which the certificate of membership is issued are violated, or if any of the conditions or provisions of the certificate of membership or of the constitution or by-laws are violated by the member, then and in every such case such membership shall at once cease and determine, and the certificate shall be null and void, and all payments made thereon forfeited to the association. But the executive committee shall have power to reinstate a delinquent member, at any time within one year, for good cause shown and upon satisfactory evidence of good health, and upon payment of all delinquent dues and assessments."

The answer of defendant, as given to us in its brief, defends the action upon the ground that Bozeman's condition during the year prior to the date of the receipt was not such as to reinstate him, and further, and at all events, he failed to comply with what was required by the above article 11, section 6, in reference to the action of the executive committee, and that he was sick on September 1 to September 4, 1897, and on September 10, 1897, and from the latter date until his death, and could not comply with the conditions prerequisite to his reinstatement.

The court submitted the case on one issue: The jury were instructed to find for plaintiff if at the date of the receipt, September 16, 1897, Bozeman was then living, of temperate habits, and was then and had been during the twelve months next prior thereto in continuous good health, free from all disease, infirmity, and weakness; otherwise to find for the defendant. It will be seen from this that the judge was of opinion that the past due payment was accepted by the defendant absolutely, except as to the very conditions specified in the receipt. We think there can be no doubt of the correctness of this view. The association could waive any of the provisions of its by-laws enacted for its benefit; and if it had received this delinquent payment, and accepted it, giving an unconditional receipt thereof, it would have waived the default. The receipt being upon conditions, it was not necessary for plaintiff to do more than show that the conditions existed or were complied with.

Under the above circumstances there is nothing in the third assignment, which relates to certain testimony admitted upon a different issue of waiver than the one submitted, and which testimony could have had no effect upon the decision of the issue submitted.

Our views above expressed as to the real issue in the case dispose of the fifth and sixth assignments. The acceptance by the defendant of the payment, the receipt prescribing the conditions of its acceptance, waived all other terms or conditions which it might otherwise have insisted on.

Under the ninth, tenth, and eleventh assignments we have the question of the sufficiency of the evidence to sustain a finding that plaintiff's condition during the twelve months preceding the payment in question was such as the conditions of the receipt required. The testimony upon this subject was conflicting. Briefly stated, there was testimony that Bozeman was attended by a physician on September 1, 2, 3, and 4, 1897, when he had a bilious attack and fever for two days. He was discharged on the 4th as well, and free from fever. On the 10th he was ailing and went to a physician, complaining of indigestion, and that what he ate did not agree with him. The physician gave him a simple prescription to correct the complaint, which appears to have done so. The same physician was called to see him late in the evening of the 17th, when he had a high fever, which never left him, and he died on the 17th of October following. There was testimony showing that he entirely recovered of the first complaint on the 4th of September, also from that of the 10th; that bilious fever such as he had between the 1st and 4th of September was common in that section of the county, yields readily to treatment, and does not affect or impair the constitution; that the attack on the 10th had no connection with the previous attack, and that the attack on the 17th, which resulted in his death, was a sudden attack, which developed into typhoid fever. The testimony of one physician was that he died of pneumonia.

Upon this state of evidence it was a question for the jury whether or not the sickness of the 17th, which must be admitted to have been of a dangerous character, was a continuation of the previous complaints, and also if this were not the case whether or not the attacks of the 4th and 10th of September were such as were contemplated by the conditions of the receipt.

The language of the conditions is peculiarly exacting, inasmuch as by its language the waiver did not exist unless within twelve months previous to the 16th the insured had been in continuous good health and free from all disease, infirmity, or weakness. Appellant's contention is that it clearly appeared that Bozeman had suffered from disease, infirmity, or weakness by reason of the attacks prior to the 16th. We are not prepared to deny that if the receipt had in terms referred to any complaint, however trivial, the contention would have been good. As it is, we must give the conditions expressed a reasonable construction. If it be held that any indisposition was what was meant by the conditions, then it seems

to us that such a receipt could not possibly operate as a renewal or rein-statement of the policy (which was contemplated), for probably no man passes a year without some disturbance of his physical condition. A headache, a cold, a night's sleeplessness, a touch of indigestion, and many other conceivable ills and weaknesses not affecting the health, would certainly not be within the sense of this receipt. The ailments shown, in view of some of the evidence, were either indigestion or a bilious attack common in that section of the county, both a trivial and temporary character.

We think the rule applicable to this case is well expressed in Life Assurance Society v. Reutlinger, 25 Southwestern Reporter, 837, as follows: "Where questions propounded to an applicant for insurance upon his life are in such terms as include the most trivial ailments or injuries, they should be interpreted as referring only to such illness or injuries as affect the risk to be assumed, unless they are in words which exclude such interpretation."

The charge submitted the issue to the jury generally in the language of the receipt, and no more explicit instructions were requested.

Appellee has in this court abandoned her claim to the penalty and attorney's fee recovered in this case, and the assignment of error predicated thereon is thereby disposed of.

The judgment will be reformed so as to omit the above recovery, and otherwise affirmed.

*Reformed and affirmed.*

Writ of error refused.