BEAUMONT, S. L. & W. RY. CO. et al. v. DANIEL. (No. 101.)

(Court of Civil Appeals of Texas. Beaumont. April 20, 1916.)

1. RAILROADS ⬡➡265 — RECEIVERSHIP — EFFECT OF.

Where a railroad is in receivership, it is not liable for the acts of employés engaged by the receiver.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ⬡➡265.]

2. RAILROADS ⬡➡268 — PLEADING — PROOF — VARIANCE.

Where the petition of a passenger slandered by a conductor averred that the railroad was being operated by receivers, evidence that the conductor was the servant of the railroad constitutes a variance and should be rejected.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 861–864; Dec. Dig. ⬡➡268.]

3. JUDGMENT ⬡➡17(2)—PROCESS—SERVICE—CITATION—SUFFICIENCY.

Where citation issued in a suit against a railroad company and the receiver did not recite that the individual defendant was receiver, such citation, though accompanied by an officer's return showing service, will not support a default judgment against the receiver as such; Vernon's Sayles' Ann. Civ. St. 1914, arts. 1852–1864, prescribing generally the requirements of citation, declaring that in suits against receivers of railroad companies service may be had upon the receiver as such.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 31; Dec. Dig. ⬡➡17(2).]

4. JUDGMENT ⬡➡17(2) — PROCESS — SERVICE — CITATION—SUFFICIENCY.

Where citation against a receiver of a railroad company was accompanied by the petition which set forth the nature of the cause of action and that the receiver was acting as such, judgment against the receiver will be sustained, though the citation merely named him as an individual.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 31; Dec. Dig. ⬡➡17(2).]

5. APPEARANCE ⬡➡24(5)—PROCESS—SERVICE—WAIVER.

Though citation in an action against a receiver of a railroad company was defective, the receiver, by subsequently denying the averments of the petition, waives inadequacies and renders himself subject to the jurisdiction of the court.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 126; Dec. Dig. ⬡➡24(5).]

6. RECEIVERS ⬡➡184—ACTIONS—EVIDENCE.

Judgment cannot be had against a receiver for wrongs of his alleged servant without proof of appointment and that the servant was employed by the receiver.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 367–370; Dec. Dig. ⬡➡184.]

7. APPEAL AND ERROR ⬡➡843(2)—QUESTIONS PRESENTED FOR REVIEW.

Where a judgment in an action for damages was reversed on other grounds, the question of the inadequacy of damages need not be determined.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331, 3338; Dec. Dig. ⬡➡843(2).]

Appeal from District Court, Liberty County; L. B. Hightower, Judge.

Action by T. E. Daniel against the Beaumont, Sour Lake & Western Railway Company and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Andrews, Streetman, Burns & Logue, of Houston, for appellants. Marshall & Harrison, of Liberty, for appellee.

MIDDLEBROOK, J. T. E. Daniel filed suit against the Beaumont, Sour Lake & Western Railway Company, and against Frank Andrews, alleged in the petition to have been the duly appointed and acting receiver of the properties of said railway company, to recover damages, alleged to have been sustained by said Daniel, on account of the matters and under the circumstances in the petition alleged. The basis for damages is that the plaintiff was a passenger on one of the passenger trains of defendant railway company on the 24th day of November, 1914, between Beaumont and Hardin; that the conductor on said train, shortly after taking up his transportation, just after plaintiff boarded the car, and while plaintiff was riding in the car crowded with people, said to plaintiff, "What did you do with that overcoat you got the other night?" and plaintiff told the conductor that he had not gotten any overcoat, and knew nothing about any overcoat; that the conductor then and there said, in a loud, insulting, browbeating, and bullying manner:

"You got that butcher boy's overcoat the other night. You stole it that night, and you had better dig it up, or we will give you some trouble. We know too much about that coat."

Then follows allegations that plaintiff was conducting himself in a quiet and lawful manner; that he had not taken the butcher boy's overcoat; that the accusation was false; that it caused him great shame, chagrin, and mental anguish, being said to him in a crowded car, where the people could and did hear, etc.; alleging his damages at $5,000.

The case was tried before a jury on August 31, 1915, resulting in a verdict in favor of the plaintiff against the Beaumont, Sour Lake & Western Railway Company and Frank Andrews, as receiver of said company. Motion for a new trial was duly overruled, and the case is properly before this court on appeal.

The evidence supports the contention of the plaintiff as to the language used by the conductor. In the first paragraph of plaintiff's petition, he alleges that the defendant Beaumont, Sour Lake & Western Railway Company is a corporation, under the laws of Texas, and that the defendant Frank Andrews is the duly appointed and acting receiver of said company, and was such receiver at the time of the trial, and that his residence was in Harris county, Tex. In paragraph 2, there is an allegation as to the ownership, and the points from and to which said railroad runs, which points included

Hardin, Liberty county, Tex.; and that "the defendant Frank Andrews is now operating said road, as receiver, and was so operating said road as receiver on the 18th of November, 1914, and ever since." Both the Beaumont, Sour Lake & Western Railway Company and Frank Andrews, receiver of said railway company, perfected appeal in this case, and each of appellants has filed a separate brief in the cause.

[1, 2] The first assigned error by the appellant Beaumont, Sour Lake & Western Railway Company is:

"Because, under the allegations of plaintiff's petition, it conclusively appears, in so far as any right of recovery of plaintiff is concerned, that, at the time of the transaction referred to in said pleadings, this defendant was not in control of the railroad mentioned in said pleadings, and had nothing to do with the operation thereof at the time mentioned in said pleadings, and was not a party, either directly or indirectly, to the transactions mentioned in said pleadings, as a basis for plaintiff's claimed right of recovery."

As hereinbefore stated, plaintiff's petition in this case pleads Frank Andrews as receiver of Beaumont, Sour Lake & Western Railway Company. If he was such receiver, and the said railroad was being operated by such receiver, it is conclusive that the railroad company could not be held liable for the acts and conduct of the employés of the receiver on the train. The plaintiff says he was such receiver, and therefore, under his petition, it would be error to render judgment against the railroad company, because if Frank Andrews was the receiver of the defendant Beaumont, Sour Lake & Western Railway Company, as pleaded by the plaintiff, then the conductor of necessity must have been in the employ of such receiver, and, if there had been any evidence introduced to show that he was in the employ of the Beaumont, Sour Lake & Western Railway Company, it would have been at variance with the plaintiff's petition, and error. 34 Cyc. 338; Railway Co. v. Adams, 78 Tex. 372, 14 S. W. 666, 22 Am. St. Rep. 56, and other cases cited in Kirby Lumber Co. v. Cunningham, opinion by late Justice Reese, 154 S. W. 291.

So, the first assignment of error of appellant Beaumont, Sour Lake & Western Railway Company must be sustained.

[3, 4] Appellant Frank Andrews', receiver's, first assignment of error is:

"Because the judgment entered against Frank Andrews, receiver, in this cause, is illegal and improper, for that Frank Andrews, receiver of Beaumont, Sour Lake & Western Railway Company, was never served with process requiring him to appear and answer in this case, and, in fact, did not appear and answer, although it is so recited in the judgment."

This assignment is followed by correct propositions of law, if the record as presented to us upheld such propositions. The citation was introduced in evidence, and, without copying the citation, a full understanding may be had by stating that it commanded Beaumont, Sour Lake & Western Railway Company and Frank Andrews to appear on the 8th day of February, 1915, and defend suit, "and you will deliver to the said Frank Andrews in person a true copy of this citation, together with a certified copy of plaintiff's original petition"; the citation being authenticated by E. W. Pickett, clerk of the district court of Liberty county. The officer's return is as follows:

"Came to hand on the 18th day of December, 1914, 9 o'clock a. m. and executed in Harris county, Tex., by delivering to the within named defendant in person a true copy of this citation (together with the accompanying certified copy of plaintiff's petition) on the dates and in the places hereinafter set forth, as follows: Frank Andrews, 12–21–1914, 11 a. m., Houston, Texas, receiver B., S. L. & W. Ry. Co."

We think, unquestionably, the citation, within itself, is not sufficient to put Frank Andrews, receiver of the railway company, upon notice of being sued in the capacity of receiver of said railroad. Indeed, the citation asserts a suit against Frank Andrews as an individual. This citation would not support a judgment by default, regardless of the officer's return. Railway Co. v. Rawlins, 80 Tex. 579, 16 S. W. 430; Railway Co. v. Wright, 29 S. W. 1134; Mutual Insurance Co. v. Uecker, 46 Tex. Civ. App. 84, 101 S. W. 872; Vernon's Sayles' Texas Civil Statutes, arts. 1852–1864.

In paragraph 2 of the original answer of Frank Andrews, he pleads as follows:

"Pleading to each and every material averment of fact in plaintiff's petition, whereby liability is sought to be imposed upon this defendant, he denies each and every material allegation, and demands strict proof thereof, and of this puts himself upon the country."

In paragraph 3, he pleads in these words:

"This defendant denies the allegations in paragraph 2 of said petition (meaning plaintiff's petition)."

As before set out herein, paragraph 2 of plaintiff's petition contains this averment:

"That the defendant Frank Andrews is now operating said road as receiver, on the 18th day of November, 1914, and every day since."

As early as the case of Little v. Marler, 8 Tex. 107, the doctrine was announced:

"That the intendment of the statute relating to citations was to give notice to each defendant that a suit had been instituted against him, and to call on him to answer that suit, and that the suit should be sufficiently described to enable him to know it without being left in any uncertainty. We think that is the intendment and purpose of a citation."

Tested by this rule, did Frank Andrews, as receiver of said railroad, if he was such, understand what kind of a suit was filed against him, and in what capacity he was sued, when he received the citation, with the certified copy of plaintiff's original petition attached thereto? We think he did, and we think his answer, as quoted above, and referring to the paragraphs of the original petition, quoted above, specifically as he does, demonstrates clearly that he did know what suit he was called upon to answer, and in what capacity he was required to answer.

[5] Again, with a copy of plaintiff's original petition served upon him, and the original petition filed in the suit, which he was answering, we think his general denial, in the terms he presents it, would bring him into court, as such receiver. As is said by Justice Gaines in K. & G. S. L. Ry. Co. v. Dorough, 72 Tex. 111, 10 S. W. 712:

"But the defendant had pleaded a general denial, and under its plea it was competent for it to show that the servants in charge of the train were not servants (East Line & Red River Ry. Co. v. Culberson [72 Tex. 375, 10 S. W. 706, 3 L. R. A. 567, 13 Am. St. Rep. 805] decided at this term), but those of a receiver operating the road, under the decree of a court of competent jurisdiction."

It appears to us, under the doctrine laid down by the Supreme Court in that case, that the general denial was sufficient to give the court jurisdiction of Frank Andrews, as receiver. As said before, we do not believe the citation would have supported a judgment by default; but we think appellant Frank Andrews' answer brought him properly into court, and the court had jurisdiction to render such judgment as he saw proper in the premises.

Appellant Frank Andrews', receiver's, first assignment of error is therefore overruled.

[6] Appellant receiver's second assignment of error is:

"That the judgment against Frank Andrews, receiver, is not supported by the evidence in the case that Frank Andrews, receiver, had any connection, directly or indirectly, with the transaction referred to in the charge of the court as a basis for the submitted right of recovery."

The third assignment is a charge against the court for a refusal to grant a new trial on the identical ground set up in the second assignment of error.

These two assignments will be treated together in this opinion, as they are directed primarily to the same errors. Appellant Frank Andrews, receiver, in his brief asserts that there is not a scintilla of evidence in the record to show when Frank Andrews was appointed receiver of the railroad, if he was so appointed, nor that he was ever appointed as such receiver, nor that he was acting as such receiver, either at the time of the commencement of the suit or at the time of the trial, nor that he was still acting or had been discharged. Appellee's counsel, in their brief, say that there is no error in this case by entering a judgment against Frank Andrews, receiver, because there is sufficient evidence, and the record in this case authorizes such a judgment. So, the adverse contentions by the parties in their briefs require us to go to the statement of facts to determine whether or not there is such evidence. We have read carefully the entire statement of facts, and except the citation which was served on Frank Andrews, which was introduced in evidence, we fail to find a syllable of evidence in the record touching the question of receivership, and the only thing in the citation that mentions receivership is the officer's return in the language hereinbefore quoted. This certainly is not sufficient to prove that Frank Andrews was receiver of the railway company at any time. If the citation had properly cited Frank Andrews as receiver of the railway, it would have been necessary for the plaintiff to show by proof that he was such legal receiver.

This very issue is discussed with such perspicuity in Kirby Lumber Co. et al. v. Cunningham, 154 S. W. 288, by the late Justice Reese, in his opinion, and in the authorities cited by him in that opinion, that we think it unnecessary to discuss this proposition further than to cite that opinion and the authorities therein cited.

We are of opinion that the second and third assignments of error by appellant Frank Andrews, receiver, are well taken, and they are therefore sustained.

[7] In the fourth and last assignment of error, appellants complain at the amount of the judgment, as being excessive, the judgment being for the sum of $2,000. In view of the fact that this case is reversed and remanded on other issues, we deem it not necessary or proper to pass upon this assignment of error.

For the errors pointed out, the cause is reversed and remanded.