BEAUMONT, S. L. & W. RY. CO. v. DANIEL. (No. 200.)

(Court of Civil Appeals of Texas. Beaumont. May 17, 1917. Rehearing Denied June 6, 1917.)

1. CARRIERS ⊜➾306(1) — RECEIVERSHIP — LIABILITY OF ROAD FOR TORT TO PASSENGER.

Where, while a railroad was in the hands of a receiver, a newsboy and a conductor on its train humiliated and injured plaintiff, a passenger, by publicly charging him with stealing an overcoat, and, pending plaintiff's suit, but before trial, the receiver was discharged, and the road's properties ordered returned to it, but, during the receivership there were no earnings, and no betterments were made upon the road's properties by the receiver, the road was not liable to plaintiff for the injury sustained by him while the road was operated by the receiver; the road not having assumed responsibility for any of the receiver's acts, and the court which appointed the receiver having imposed no liability on the road at the termination of the receivership for liabilities incurred by the receiver.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1249.]

2. COURTS ⊜➾91(1)—SUPREME COURT—COURT OF CIVIL APPEALS.

It is the duty of the Court of Civil Appeals to follow the law as declared by the Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325.]

Appeal from District Court, Liberty County; L. B. Hightower, Sr., Judge.

Suit by T. E. Daniel against the Beaumont, Sour Lake & Western Railway Company and Frank Andrews, as receiver. From a judgment against the railroad and for the receiver, the road appeals. Affirmed as to the receiver; reversed and remanded as to the railroad.

Andrews, Streetman, Burns & Logue, of Houston, for appellant. Marshall & Harrison, of Liberty, for appellee.

HIGHTOWER, C. J. This was a suit brought by the appellee, T. E. Daniel, plaintiff below, against the Beaumont, Sour Lake & Western Railway Company, and Frank Andrews, in his capacity as receiver of said railway company, to recover damages; the alleged ground of recovery being that while the properties of said railway company were in the hands of and being operated by said Frank Andrews, in his capacity as receiver of said railway company, appointed by the federal court for the Southern district of Texas, a newsboy on one of the trains so operated, and also a conductor on said train, greatly humiliated and injured plaintiff in his feelings, etc., while a passenger on said train by publicly charging him with stealing an overcoat. On the trial below, which was had with a jury, a verdict was returned in favor of appellee against the defendant Beaumont, Sour Lake & Western Railway Company under a general charge of the court, and judgment was entered upon such verdict in favor of appellee, against said railway company, in the sum of $2,500. As to the defendant Frank Andrews, sued in his capacity as receiver, judgment was entered to the effect that appellee take nothing, it having been made to appear that the said Andrews had been duly discharged as such receiver by order of said federal court during the pendency of the suit and before the trial of this cause. This is the second appeal of this case to this court. The result of the first appeal will be found reported in 186 S. W. 383, and the issues involved are practically the same on this appeal. Upon the entry of the verdict and judgment now appealed from, the Beaumont, Sour Lake & Western Railway Company, appellant here, filed its motion for new trial, which was overruled, and the judgment is now properly before this court for consideration.

The first assignment of error found in appellant's brief is as follows:

"The trial court erred in overruling and in not granting defendant's motion for a new trial,

---

⊜➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in response to the ground urged in paragraph 1 of said motion, which reads as follows: "The petition states no cause of action against this defendant, in that it appears upon the face of the pleadings that the transactions complained of occurred during the period of time when defendant company was not in control and was not operating its properties, the same being in control of and being operated by a receiver; and there being no allegations which in any wise indicate liability on this defendant's part for any acts or omissions of the receiver or any of his servants or agents.' "

The second assignment of error is to the effect that the court erred in overruling appellant's motion for new trial, for the reason that the evidence was wholly insufficient to fix liability upon appellant, in that it wholly fails to show that appellant in any manner became liable for the acts or omissions of said receiver, Andrews, or any of his servants or agents; and the third assignment of error is to the effect that the court erred in refusing to give to the jury appellant's requested peremptory instruction for a verdict in its favor, for the reason that the undisputed evidence shows that the transactions complained of occurred during said receivership, when appellant had no control of its properties, and no control over any of the persons engaged in operating same, and because there was no evidence from which liability of the defendant company for acts or omissions of the receiver, his servants or agents, could arise, and therefore there could be no recovery against appellant. There are other assignments of error complaining of other matters, which it is not necessary to here mention; the most material one, perhaps, being that appellee's counsel made improper remarks, etc., during his argument to the jury.

[1] Without discussing the first assignment of error, which challenges the sufficiency of appellee's petition to show any cause of action against appellant, we have concluded that appellant's second and third assignments of error, which raise practically the same proposition, must be sustained. The record shows, without dispute, that, at the time of the conduct on the part of the conductor and newsboy complained of, appellant's railroad and all of its properties were in the hands of said Frank Andrews, in his capacity as receiver, duly appointed by the Circuit Court of the United States for the Southern District of Texas, and further that all of the employés operating said railroad and properties were in the employ of said Frank Andrews as such receiver, and were under his control and management, and none of them were under the control of or employed by appellant. It further appears from the record that while this suit was pending, but before the trial below, the said Frank Andrews, as receiver, was duly discharged by order of said court appointing him, and that the properties in his hands, as receiver, were ordered returned to the appellant by said court, and such properties were, in fact, delivered by

said receiver to appellant, in accordance with the order of said federal court. We do not find in the record this order of the federal court, and therefore we are not apprised of any of its provisions, other than as it relates to the discharge of said receiver and the return of said properties to appellant. Appellee, in so far as the record here discloses, made no attempt whatever to show that there were any earnings during the time appellant's properties were under the control of and operated by said receiver, which were expended in the way of betterments of appellant's properties; but, on the contrary, appellant proved, without contradiction, that there were no earnings by the receiver while operating appellant's properties, and that, in fact, there was not sufficient money realized by the receiver in his operation of said properties to pay operating expenses, and that there were no betterments whatever made upon appellant's properties while in his hands as receiver. This being true, we hold, in accordance with what we conceive to be the established law of this state, that there was no liability shown on the part of appellant for the injury which resulted to appellee.

In the case of M., K. & T. Ry. Co. v. Wood, 52 S. W. 94, it was held, in effect, that liability of a railway company for injury done while its road was being operated by a receiver appointed by a federal court, can exist only upon such railway's assumption of responsibility for the acts of such receiver, or upon a liability imposed upon such railway company by decree of such federal court upon the termination of such receivership, or upon the theory of betterments to said properties during such receivership. This holding was in line with the holding of the Supreme Court of this state in the case of Railway Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60. To the same effect is the holding in the case of M., K. & T. Ry. Co. v. McFadden, also a decision by the Supreme Court of this state, reported in 89 Tex. 138, 33 S. W. 853. See, also, Dillingham v. Kelly, 8 Tex. Civ. App. 113, 27 S. W. 806; also, Kirby Lumber Co. v. Cunningham, 154 S. W. 288.

We do not understand that there was any attempt made by appellee below to show that appellant had in any manner assumed responsibility for any acts of said receiver or his agents, for liabilities incurred during his receivership, and, as before stated, there is nothing in the record showing that said federal court imposed any liability on appellant at the termination of said receivership for any liability that might have been incurred by the receiver while appellant's properties were in his hands. Therefore, in the absence of any proof of betterments during the receiver's operation of appellant's properties, and in the absence of a showing of any assumption of liability by appellant, for any act of said receiver, and in the absence of proof of any liability being imposed by

order of the federal court at the termination of such receivership, we hold there can be no liability against appellant for the acts of the conductor and newsboy complained of by appellee, and the trial court should have given appellant's peremptory instruction to return a verdict in its favor, and, not having done so, should have granted appellant's motion for new trial.

Appellee, in support of the judgment herein, cites the case of M., K. & T. Ry. Co. v. Chilton, 7 Tex. Civ. App. 183, 27 S. W. 272, an opinion by one of our Courts of Civil Appeals, speaking through Chief Justice Lightfoot. In that case, it was held that where the receiver of a railroad company is discharged, and the property returned to the company, under a consent decree, subject to all claims and liabilities then existing against the receiver, the company would be liable for negligent injuries inflicted during the receivership, in the absence of showing of betterments, etc. We cannot see that the holding in this case is at all in conflict with the conclusion we have reached here, because, in the case cited by appellee, the consent decree was equivalent to, and was in fact, an assumption of liability by the railroad company on account of injuries inflicted while its properties were in the hands of the receiver.

Appellee also cites, in support of the judgment herein, the case of M., K. & T. Ry. Co. v. McFadden, reported in 32 S. W. 18. The opinion in that case was by one of the Courts of Civil Appeals, speaking through Chief Justice Tarlton, and, among other things, it was said in that opinion that under the act of March 19, 1889, authorizing a judgment against one to whom a receiver has delivered property held by him as receiver in a cause of action arising under the receivership, it is not necessary to show betterments made by the receiver in excess of damages claimed by one who was injured during the operation of such properties by the receiver. It is sufficient to say, however, that the Supreme Court of this state granted a writ of error to the Court of Civil Appeals rendering the opinion in the case cited by appellee, and reversed that holding by the Court of Civil Appeals, as will be seen from the opinion of the Supreme Court in Railway Co. v. McFadden, 89 Tex. 138, 33 S. W. 853. supra.

[2] We deem it unnecessary to further discuss this question, or to cite more authorities in support of the conclusion we have reached, because we think that the law applicable to the assignments under discussion has been thoroughly settled by the Supreme Court of this state, and it is the duty of this court to follow the law as declared by our Supreme Court. The judgment of the trial court, in so far as the same awards a recovery in favor of appellee against appellant Beaumont, Sour Lake & Western Railway Company is reversed, and the cause as to appellant remanded; but in so far as the judgment of the trial court is in favor of the defendant Frank Andrews, as receiver, etc., the same will be affirmed.

Affirmed in part, and reversed and remanded in part.