BEAUMONT, S. L. & W. RY. CO. v. MILBY.
(No. 7581.)

(Court of Civil Appeals of Texas. Galveston.
May 16, 1918.)

1. CARRIERS ⬥═230(4)—INJURIES TO CATTLE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In action for injuries to cattle in shipment, testimony of plaintiff's agent that the cars were not properly bedded, and that he knew that cattle could not properly be shipped in unbedded cars for any distance, did not show contributory negligence as a matter of law, in the absence of evidence as to the distance the cattle were shipped.

2. RAILROADS ⬥═265—RECEIVERS—INJURY TO LIVE STOCK SHIPPED.

To make a railway corporation liable for injuries to properties of a shipper while the railway was in the hands of and being operated by a receiver appointed by a federal court, it must be shown that the receivership has terminated and the railway returned to the corporation with such liability imposed upon it ·by the decree of the court as a condition to receive it, or that the revenues received by the receiver were expended by him in betterments.

Appeal from Harris County Court; Murray B. Jones, Judge.

Action by John Milby against Frank Andrews, as receiver of the Beaumont, Sour Lake & Western Railway Company, wherein on the receiver's discharge the Railway Company was made defendant. Judgment for plaintiff, and the Railway appeals. Reversed and remanded.

Andrews, Streetman, Burns & Logue, of Houston, for appellant.

LANE, J. This suit was originally brought by appellee against Frank Andrews, as receiver of appellant railway company, to recover the sum of $500 as damages to a shipment of two cars of cattle delivered to him as such receiver, for transportation from Huffman, Tex., to Houston, Tex. Before the trial of the cause, the receiver had been discharged and the properties again returned to the railway company. Thereafter, appellee by amended pleading alleged the discharge of the receiver, and the return of the property into the hands of the railway company, and had said company made party defendant. The specific grounds of negligence of the receiver alleged were: First, that said receiver, his agents and servants, failed to properly bed the floor of the car in which the injured cattle were loaded for shipment; second, that said cattle were carelessly and roughly handled in stopping and starting the train in which they were transported between stations from Huffman to Houston. He further alleged that at the time said railway properties were redelivered by the receiver to the company such properties were worth an amount greatly exceeding appellee's claim and were worth all of the value of $1,000,000, and that said receiver expend-

---

ed sums largely in excess of appellee's claim in betterments of said properties. Appellant, the railway company, answered by general demurrer, general denial, and by specially pleading that the car in which the injured cattle were shipped was not properly bedded, and that appellee, knowing the danger incident to the failure to properly bed said car, loaded his said cattle therein for shipment, and by reason thereof he was actually guilty of contributory negligence which was the proximate cause of the damages suffered.

The cause was tried before a jury, who found upon special issues submitted to them: First, that the defendant did not use ordinary care in placing bedding in the car in which the cattle were loaded; second, that such failure to use ordinary care in bedding said car was the proximate cause of the injury to plaintiff's cattle; third, that no injury was done to said cattle by bulls mixed in said shipment; fourth, that the cattle of the plaintiff were damaged in the sum of $377. Upon the verdict of the jury and findings of the court judgment was rendered in favor of the plaintiff, Milby, against the Beaumont, Sour Lake & Western Railway Company for the sum of $355. Judgment was also entered in favor of Frank Andrews, receiver, and he was discharged with his costs. From this judgment so rendered said railway company has appealed.

By the first assignment it is insisted that the court erred in not instructing a verdict for defendant. The contention of appellant is that said instruction should have been given: (1) Because the undisputed evidence shows that the agent of appellee who loaded his cattle into the car in which they were shipped knew that said car was not properly bedded for the shipment of cattle, that he knew that it was dangerous to load and ship the cattle in a car so bedded, and that if they were so loaded and shipped they would probably be injured, and therefore appellee was chargeable with contributory negligence as a matter of law, which should bar his recovery for injury to his cattle; and (2) because it was not shown by the evidence the existence of any fact which would make the railway company liable for damages caused by a tort or any breach of duty on the part of the receiver, Frank Andrews, his servants or agents.

[1] We do not think we would be justified in holding that the evidence shows contributory negligence on the part of appellee or his agent, as a matter of law. The cattle were loaded at Huffman, Tex., and transported to Houston, Tex. This court is not advised from any evidence in the statement of facts or by anything in the record as to the distance between Huffman and Houston; so far as the evidence discloses, such distance may be 100 miles, or it may be only 10 miles. The witness D. W. Eckols, appellee's agent, who loaded the cattle at Huffman, testified as follows:

"I told the conductor, I said 'This car ought to be bedded.' I said, 'These cattle are liable to get in bad shape before they get to where they are going,' and I said, 'I load lots of cattle out, and I know they do get in bad shape.' He asked me this, he said, 'Did you ask the agent?' and I said, 'I told him, and he said he had nothing to bed it with.' I have been shipping cattle pretty near all my life. I am 42 years old, and it is very seldom that I ever ship cattle without bedding. I have had experience enough in shipping cattle to know if they ship them without bedding, if they go any length or anything, they get in bad shape, awful bad shape. By bad shape, I mean they get down, and the other cattle tromp them to death whenever a cow gets down. They don't go any piece hardly before they get the car slippery, and they get down, and, whenever they get down, there ain't no chance to get up. The cattle wet the cars, and it is only a little while until they lay flat down, and, when they do, that settles it; they are just tromped all to pieces. I saw the two cars before we started loading, and I saw the condition of the cars. One of them was not bedded. I said it was bad to load them in there when it wasn't bedded, because they would slip down and fall down and couldn't get up."

It will be observed that the witness stated that he had experience enough in shipping cattle to know that if they are shipped any distance in unbedded cars they get in bad shape. We think the reasonable inference to be drawn from his testimony is that he meant to say that cattle might be shipped a short distance in unbedded cars without injury, but not a long distance. In view of the fact that the distance the cattle were shipped is not shown, we do not think the trial court would have been justified in holding that the evidence showed contributory negligence on the part of the agent of appellee. The question of contributory negligence was one to be decided by the jury upon proper charge submitting that issue. We overrule the first contention.

[2] We must, however, sustain the second contention. Frank Andrews was appointed receiver of the properties of the defendant railway company by the United States District Court for the Southern District of Texas. Appellee alleged in his petition that at the time of the injury to his cattle the railway of the defendant railway company was being operated by Frank Andrews, receiver, and that the cattle were injured through the negligence of the receiver, his agents and servants. The undisputed evidence shows that the cattle were shipped and injured while said railway was being operated by said receiver. The only grounds alleged by appellee which would entitle him to recover from the railway company for the negligent acts of the receiver, if found to be true, were:

"That during said possession by said Andrews as receiver, in his capacity as receiver, he expended large sums derived from current income and earnings as receiver in making permanent improvements on said railway; said railway company was greatly benefited and permanently improved and greatly enhanced in value by such

betterments in a sum largely exceeding plaintiff's claim, and when so repossessed of its franchise and properties became liable to pay to plaintiff his damage sustained as above set forth."

Before appellee could recover from the Railway Company the damages he alleged he suffered by reason of the negligence of the receiver, he must prove the allegations which he alleged tending to show liability of the railway company. This he has wholly failed to do. The agreement of the parties that after the injury to appellee's cattle the receiver redelivered the railway properties to the railway company, and that at the time of such redelivery said properties were worth $1,000,000, is not an agreement that said properties were turned over to the railway company with betterments; there being no evidence as to the value of said properties at the time the same were placed in the hands of the receiver.

To make a railway corporation liable for injuries to properties of a shipper, while said railway was in the hands of and being operated by a receiver appointed by a federal court, it must be shown that the receivership has terminated and the railway returned to the corporation with such liability imposed upon it by the decree of the court, as a condition to receive it, or that the revenues received by the receiver were expended by him in betterments. Kirby Lumber Co. v. Cunningham, 154 S. W. 288; Beaumont, Sour Lake & Western Ry. Co. v. Daniel, 195 S. W. 625; Railway Co. v. McFadden, 89 Tex. 138, 32 S. W. 526; Fordyce v. Du Bose, 87 Tex. 78, 26 S. W. 1050; M., K. & T. Ry. Co. v. Wood, 52 S. W. 94.

By the second assignment complaint is made of the refusal of the trial court to submit the question of contributory negligence on the part of appellee, though being requested to do so by appellant's special charge. This assignment is sustained. The evidence was such as demands such instruction.

For the reasons pointed out, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.