**TEXAS & P. RY. CO. v. UMBERSON.**
**(No. 1859.)**

(Court of Civil Appeals of Texas. El Paso.
Nov. 18, 1926.)

1. **Railroads** ⊂⊃265—**Railroad's liability for injury done during operation by federal receiver can only exist on assumption imposed by decree of court.**

Liability of railroad for injury done while its road was being operated by receiver appointed by federal court can exist only on railway's assumption imposed upon it by decree of such federal court upon termination of receivership.

2. **Railroads** ⊂⊃268—**Proof of appointment and discharge of railroad receivers held not dispensed with by filing of plea in abatement by receivers.**

In employee's action against railroad for injuries, proof of appointment and discharge of

receivers operating road when injury occurred and return of property *held* not rendered unnecessary by filing of plea in abatement by receivers since they are not agents of owners.

3. **Railroads** ⊂⊃268—**Railroad's answer in employee's action for injuries held to dispense with proof of appointment or discharge of receivers.**

In action against railroad for injuries to employee while road was operated by receiver, answer consisting of general demurrer, general denial, plea of limitations, and contributory negligence, *held* to dispense with any proof of appointment or discharge of receivers.

4. **Railroads** ⊂⊃268—**Proof of return of property by receivers to railroad held necessary in employee's action for injuries from operation by receiver.**

In employee's action against railroad for injuries while road was operated by receiver, proof of return of property by receivers to railroad *held* necessary where nowhere admitted by defendant.

5. **Railroads** ⊂⊃265—**Employee to recover against railroad for injuries from operation by receiver held required to allege and prove assumption of liability.**

In employee's action for injuries against railroad while operated by receivers, with showing that receivers had been appointed and discharged by federal court, burden was on plaintiff to allege to and prove either assumption by railroad of liabilities incurred by receivers, or that railroad was liable because of order of court redelivering property or by reason of betterments to property.

6. **Damages** ⊂⊃216(8)—**Loss of time and wages from injuries should have been limited by instruction to period of time of trial.**

In personal injury action, loss of time and wages should have been limited by instruction to period of time of trial.

7. **Appeal and error** ⊂⊃1068(4)—**Failure to limit loss of time and wages to period of time of trial held harmless in view of damages awarded.**

Failure to limit loss of time and wages from personal injury to period of time of trial *held* harmless, where there was no complaint of excessiveness of verdict, or showing that jury was misled into allowing double damages.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by R. A. Umberson originally instituted against J. L. Lancaster and another, as receivers of the Texas & Pacific Railway Company, subsequently dismissed and then brought against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

T. D. Gresham, of Dallas, C. E. Mays, Jr., of Sweetwater, and Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Ben L. Cox and Cox & Hayden, all of Abilene, for appellee.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

PELPHREY, C. J. This suit was originally instituted by appellee, Umberson, against J. L. Lancaster and Charles L. Wallace, as receivers of the Texas & Pacific Railway Company, to recover damages for the loss of the thumb on his left hand, which loss he alleges was caused by a steam hammer falling on his left hand in the machine shop of appellant at Big Spring, Tex., in the early part of November, 1922.

On January 17, 1925, appellee filed his third amended original petition dismissing the suit as against the receivers and prayed for judgment against the appellant, alleging that in May, 1924, the receivership had been terminated and that the property had been surrendered by the receivers to appellant charged with and subject to all subsisting liabilities and claims against the same in the hands of the receivers, including the claim of appellee.

After alleging his employment by appellant on or about the 3d day of October, 1922, as a blacksmith helper in the Texas & Pacific shops at Big Spring, Tex., appellee, as grounds for recovery, sets forth the following alleged grounds of negligence on the part of appellant: That appellant failed to furnish appellee reasonably safe machinery, tools, and appliances with which to perform his duties, in that the steam hammer which caused the injury was defective; that appellant failed to warn appellee of the danger in using the hammer; that appellant failed to furnish safe tools and appliances with which to handle metal under the hammer; that the steam hammer fell upon the hand of appellee on account of a lessening of steam pressure in the hammer, and that the lessening of the steam pressure was caused by appellant operating other machines from the same boiler with the steam hammer; that appellee's vice principal, Baucum, head blacksmith for appellant, was negligent in attempting to straighten the last bend in a coupler yoke by means of the steam hammer; and that Dr. Hall, the physician employed by appellant, was incompetent and guilty of malpractice upon appellee.

Appellee prayed for judgment of $10,000 on account of the loss of his thumb, the lessening of his earning capacity, the physical pain and anxiety suffered by him, loss of wages on account of his injury, and for sums expended for medical and surgical assistance.

Appellant answered by general demurrer, general denial, plea of limitation, and that appellee's injuries were caused by his own negligence.

Appellant's general demurrer and request for peremptory instruction were overruled by the court. The case was submitted on special issues, and, after the jury's verdict had been returned into court, both parties filed motions for judgment upon the jury's findings. Judgment was rendered by the court for ap-

pellee in the sum of $1,750, from which judgment appellant has appealed to this court.

## Opinion.

[1] Appellant's first and second assignments complain of the court's refusal to give the peremptory instruction requested; appellant's contention being that the appellee had failed to prove that at the time of the trial the property was in the hands of the appellant, that said property was ever turned over to appellant by the receivers; that the property of appellant had received any betterments during the time it was in the hands of the receiver, or that the order returning the property to appellant made it liable for claims or damages arising while the property was in the hands of the receivers.

With that contention we agree. It has repeatedly been held by our courts that liability of a railroad company for injury done while its road was being operated by a receiver appointed by a federal court can exist only upon such railway's assumption imposed upon such railroad company by decree of such federal court upon termination of such receivership. Missouri, K. & T. R. Co. v. Wood (Tex. Civ. App.) 52 S. W. 94; Texas Pac. Railway Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60; Beaumont, S. L. & W. R. Co. v. Daniel (Tex. Civ. App.) 195 S. W. 625; Missouri, K. & T. Ry. Co. v. McFadden, 89 Tex. 138, 33 S. W. 853; Ft. Worth & R. G. R. Co. v. Zidell (Tex. Civ. App.) 202 S. W. 351; Kansas City, M. & O. R. Co. v. Russell (Tex. Civ. App.) 184 S. W. 299. It has also been held by this court in the case of Hovey et al. v. Weaver (Tex. Civ. App.) 175 S. W. 1089, that it is necessary to allege and prove that the receivers had been duly appointed, had been discharged, and the property of the railway company delivered to it, and, either that such property was equal in value to the amount of plaintiff's claim, or that the payment of plaintiff's claim had been made a condition of such re-delivery of the property by the decree of the court terminating the receivership. The allegations and proof of facts necessary to make the railroad company liable under the doctrine above stated also have been held essential in Ft. Worth & R. G. R. Co. v. Wilhite (Tex. Civ. App.) 210 S. W. 765; Kirby Lumber Co. v. Cunningham (Tex. Civ. App.) 154 S. W. 288.

In the present case no evidence was introduced by any of the parties as to either the appointment or discharge of the receivers. Appellee in his original petition alleged that Lancaster and Wallace were the receivers of the appellant, but made no allegation as to the court in which the receivership was had. The receivers later filed a plea in abatement alleging their appointment and discharge and attached thereto a copy of the order of the court discharging them. Appellee then filed his third amended original

petition, in which he alleged the appointment and discharge of the receivers and a delivery of the property to appellant charged with the claims against the receivers, but still making no allegation as to the court wherein the receivership was had. The plea in abatement of the receivers was not acted upon by the court for the reason that the appellee in his third amended petition dismissed as to them and asked that appellant be made a party defendant.

[2] Appellee argues that proof of the appointment and discharge of the receivers and the return of the property was rendered unnecessary by the filing of the plea in abatement by the receivers. With this proposition we cannot agree. Receivers are not the agents of the owners; therefore any pleading filed by the receivers in this case could not be taken as an admission by appellants.

[3, 4] We think that the answer of appellant dispenses with any proof of the appointment or discharge of the receivers, but they nowhere admit the return of the property by the receivers to appellant. Consequently, proof of that fact was necessary, and in the absence of such proof the court should have given the requested peremptory instruction.

[5] The record showing the receivers to have been appointed and discharged by a federal court, the burden was on appellee to allege and prove either the assumption by appellant of the liabilities incurred by the receivers, that appellant was liable because of the order of the court redelivering the property, or by reason of betterments to the property.

Appellant's assignments of error Nos. 3, 4, 5, 6, 7, 8, and 9, are directed at either the judgment rendered or the refusal to render judgment for appellant on the findings of the jury. In view of our holding as to assignments Nos. 1 and 2, we deem it unnecessary to here discuss them. If error there was in the action of the court in that respect, we presume that such will not be the case on a retrial.

In its tenth assignment, appellant complains of the action of the court in submitting special issues Nos. 14 and 15, for the reason that both pleading and evidence were insufficient to raise the issues and that the evidence was insufficient to connect the negligence, if any, with the proximate cause of the accident. The issues objected to read as follows:

"Special issue No. 14: Was the head blacksmith, Baucum, negligent in attempting to straighten the U-shaped end of the coupler iron by means of the steam hammer, if he did, instead of straightening the same on an ordinary anvil with a sledge hammer, if he did? Answer yes or no.

"The burden of proof is upon the plaintiff to establish the affirmative of this question by a preponderance of the evidence."

"Question No. 15: Was such negligence of Baucum, if any, the proximate cause of plaintiff's injuries, if any? Answer yes or no.

"The burden of proof is upon the plaintiff to establish the affirmative of this question by a preponderance of the evidence."

While the allegations may be sufficient to support the submission of these issues, we fail to find evidence sufficient to show that Baucum was negligent in attempting to straighten the last bend on the coupler iron with the steam hammer instead of using an anvil, or, if such act was negligence, that it was the proximate cause of appellee's injury. There is evidence tending to show that customarily the last bends were straightened on coupler irons by use of an ordinary anvil and hammer, yet there is nothing in this evidence to show that there was anything peculiarly incident to the straightening of the last bend in the coupler by the use of the steam hammer which, either proximately or remotely, caused the injury to appellee. As we view the evidence, if Baucum was guilty of negligence at all in this matter, it was in ordering appellee to leave the levers of the steam hammer and assist him in placing upon the die of the steam hammer the coupler iron, thereby placing appellee in a place of danger and where an ordinarily prudent man would have known that injury to appellee would probably result. We therefore conclude that the issues were erroneously submitted.

[6, 7] Appellant also complains of the court's instruction as to the measure of damages, and contends that the court should have specifically limited the loss of time and wages to the period to the time of trial, in view of the fact that the court also instructed the jury that they might take into consideration appellee's loss of earning capacity. While we are of the opinion that in this case the loss of time and wages should have been limited to the period of the time of trial, yet, there being no complaint as to the excessiveness of the verdict and nothing in the record to show that the jury was misled into allowing double damages, we hold that failure of the court to so limit the jury was harmless.

Reversed and remanded.